IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BILLY JOE BARKER,**

       **Petitioner,**

  v.           CASE NO.10-3055-SAC

**DAVID R. MCKUNE, et al.,**

       **Respondents.**

## <u>O R D E R</u>

Petitioner proceeds pro se on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2554. Before the court is respondents' motion to dismiss the petition as time barred. Having reviewed the record, the court denies the motion.

**I. Background**

Petitioner alleges constitutional error in his 1998 Greenwood County conviction on three counts of attempted first-degree murder, and one count each of aggravated assault of a law enforcement officer, aggravated battery, obstruction of legal process, and domestic battery. The sentence imposed included a 562 month prison term. The Kansas Court of Appeals affirmed two of petitioner's convictions for attempted first degree murder of a law enforcement officer, but reversed petitioner's conviction and remanded for a new trial on the third count. The appellate court affirmed all other convictions but for petitioner's conviction of aggravated assault of a law enforcement officer, finding there was no jurisdiction to

convict petitioner on that charge. It reversed that conviction without remand for further proceedings. The Kansas Supreme Court denied review on November 8, 2000.

On remand, the State dropped the attempted murder charge against the third officer. The state district court re-sentenced petitioner on the remaining charges on April 17, 2001, again imposing a 562 month sentence.

Petitioner filed an appeal on June 21, 2001, which was dismissed on January 11, 2002, when the Kansas Court of Appeals granted petitioner's motion for voluntary dismissal. On June 14, 2002, petitioner filed a motion for post-conviction relief under K.S.A. 60-1507, alleging vindictive re-sentencing and ineffective assistance of counsel. The state court denied relief on June 21, 2006. The Kansas Court of Appeals affirmed that decision on May 1, 2009. On February 4, 2010, the Kansas Supreme Court denied further review.

Petitioner filed the instant action on March 9, 2010.

## II. Discussion

A one year limitation period applies to habeas petitions filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). Relevant to the instant case, that one year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The running of this one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review.

2

*See* 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

Respondents first contend petitioner's convictions became final on February 6, 2001, upon expiration of the 90 day period for seeking review by the United States Supreme Court of the state appellate court's partial affirmance, reversal, and remand.

The court disagrees. A criminal judgment is not final until sentencing, and a case on remand for resentencing is not final for purposes of a habeas corpus proceeding arising from state court convictions until the resentencing and direct appeal therefrom is complete. *Burton v. Stewart*, 549 U.S. 147, 156 (2007). See also *Bachman v. Bagley*, 487 F.3d 979 (6th Cir.2007)(§ 2244(d)(1) limitation period begins to run on federal habeas petition that challenges resentencing judgment on date that resentencing judgment becomes final, rather than date of original judgment); *Hepburn v. Moore*, 215 F.3d 1208 (11th Cir.2000)(same).

Respondents alternatively contend that if petitioner's criminal judgment is not final until the completion of his appeal from resentencing, then the ten day period for seeking appellate review of the resentencing controls,[1] and the finality date of petitioner's conviction should not be extended by the appeal petitioner filed and then later voluntarily dismissed. The court again disagrees.

As *Burton* instructs, petitioner's criminal judgment was not

---

[1] See K.S.A. 22-3608 (setting time to appeal from sentencing or modification of sentence).

final until he was resentenced and the direct appeal from that criminal judgment was completed. The Kansas Court of Appeals granted petitioner leave to file his direct appeal out of time, thus petitioner's criminal judgment was not final until the conclusion of that appeal. See *Jimenez v. Quarterman*, 555 U.S. 113, \_\_, 129 S.Ct. 681, 686 (2009); *Orange v. Calbone*, 318 F.3d 1167, 1170-71 (10th Cir.2003). Accordingly, petitioner's convictions and resentencing did not become final until the Kansas Court of Appeals granted petitioner's motion to voluntarily dismiss the appeal in January 2002.[2]

Approximately five months later, petitioner sought post-conviction relief in the state courts, which tolled the running of that one year period through February 4, 2010, when the Kansas Supreme Court denied further review. 28 U.S.C. § 2244(d)(2). Petitioner submitted his § 2254 petition the next month, well within the approximate seven months remaining in the § 2244(d)(1) limitation period.

IT IS THEREFORE ORDERED that respondents' motion for an extension of time to file an answer (Doc. 7) is granted, and that respondents' motion to dismiss the petition as time barred (Doc. 6) is denied.

---

[2]Given the date petitioner filed his § 2254 petition, the court need not and does not address or decide whether the finality date from petitioner's voluntarily dismissed appeal, for purposes of § 2244(D)(1)(A), should include the 90 day period for filing a writ of certiorari in the United States Supreme Court, and if not, whether the finality date should extend to issuance of the state appellate court's mandate.

4

IT IS FURTHER ORDERED that respondents are granted sixty (60) days to file a response to the show cause order entered by the court on April 6, 2010.

**IT IS SO ORDERED.**

DATED:  This 15th day of February 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge